# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN THE MATTER OF GOOGLE CASE ID 8-8251000017343 JOHN DOE,<br><br>    Movant,<br><br>    v.<br><br>OFFICE OF THE KANSAS SECURITIES COMMISSIONER,<br><br>    Respondent. | Case No. 2:17-mc-213-JAR-GEB |

## MEMORANDUM AND ORDER

This case was filed as a miscellaneous action by Movant John Doe, asking this Court to quash a search warrant issued by Shawnee County, Kansas District Court Judge Richard D. Anderson to Google, Inc. for electronic mail associated with a particular e-mail address belonging to John Doe. The search warrant was issued upon application by Defendant Office of the Kansas Securities Commissioner ("KSC"). Before the Court is Defendant's Motion to Dismiss (Doc. 9), arguing that this Court lacks jurisdiction to consider Movant's request. The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court grants Defendant's motion and dismisses Movant's motion to quash for lack of jurisdiction.

On March 8, 2017, the KSC made application to the District Court of Shawnee County, Kansas for a search warrant to obtain the electronic mail associated with address [REDACTED]@gmail.com, an email address maintained by Google, Inc. ("Google"). That same day, the application was granted and the search warrant was issued by District Court Judge Richard D. Anderson. In issuing the search warrant, Judge Anderson found "probable cause to believe that an offense against the laws of Kansas had been committed and that certain

contraband, fruits, instrumentalities and evidence of such offense" are located in the sought-after email. The search warrant directs Google to produce all e-mail "of any kind sent to, from and through the e-mail address . . . between August 1, 2015 at 12:00 AM and March 6, 2016 at 11:59 PM."[1] The warrant states that "such information will be searched by law enforcement only for pertinent information relating to the offering, buying or selling of securities or other related criminal activity as might pertain to such transactions."[2]

On March 10, 2017, the KSC served the search warrant on Google at its offices in Mountain View, California. On May 18, 2017, Google sent an email notification to the subscriber at [REDACTED]@gmail.com, indicating that it had received the search warrant and that the contents sought would be disclosed to the KSC unless Google received a file-stamped objection within seven days of the notification. Movant received this e-mail, and immediately informed Google of his desire to retain counsel to file an objection, and requested a copy of the legal process. On the evening of May 18, 2017, Google responded with a redacted copy of the search warrant.

On May 22, 2017, Movant requested Google communicate with his counsel, and on the same day counsel acknowledged the same. On May 24, 2017, Movant filed the motion to quash, to initiate this matter. This case was not filed as a civil action. In its motion to quash, Movant claims to bring this motion under 28 U.S.C. § 1331 and 18 U.S.C. § 2707(a).

Defendant moves to dismiss this action for lack of jurisdiction because: (1) the Court lacks jurisdiction under the Stored Communications Act ("SCA"); (2) this Court is precluded from reviewing a state-issued search warrant under the *Younger* abstention doctrine; and (3) this Court is precluded from reviewing the search warrant under the *Rooker-Feldman* doctrine.

---

[1] Doc. 3-2.

[2] *Id.*

The Court agrees that it lacks a jurisdictional basis to decide this motion to quash, but it need not delve into the *Younger* abstention or *Rooker-Feldman* doctrines to reach this conclusion. Movant initiated this miscellaneous action citing two grounds for jurisdiction: 28 U.S.C. § 1331 and 18 U.S.C. § 2707(a). Under 28 U.S.C. § 1331, the Court has "original jurisdiction of all <u>civil actions</u> arising under the Constitution, laws, or treaties of the United States."[3] 18 U.S.C. § 2707(a) provides that except in certain circumstances, "any provider of electronic communication service, subscriber, or other person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, <u>in a civil action</u>, recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate."[4] Movant has not filed a civil action, which is "commenced by filing a complaint with the court."[5] Therefore, neither § 1331 nor the SCA provides Movant with a jurisdictional basis to obtain relief on a motion to quash a state court issued search warrant in federal court without first initiating a civil action.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 9) is **granted**. Movant's Motion to Quash (Doc. 1) is **dismissed without prejudice** for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: August 30, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1331 (emphasis added).

[4] 18 U.S.C. § 2707(a) (emphasis added).

[5] Fed. R. Civ. P. 3.